Dear Chief Sonnier:As Chief of the Iberia Parish Fire Protection District #1, you ask if a fireman with the rank of captain may substitute for either the district fire chief or an assistant fire chief regarding the active duty requirements imposed by R.S. 33:1972. The statute provides:
 1972. Fire districts; personnel; exception
 A. In all cities having a population of not less than thirty-five thousand and not more than two hundred and fifty thousand inhabitants, and in all parishes and fire protection districts, fire districts are hereby established within the fire departments. No more than four fire stations in service shall be included within each fire district.
 B. (1) In each such fire department, an assistant or deputy fire chief shall be on active duty on an assigned shift at all times, shall have general supervision over all fire districts, and shall be under the supervision of the chief of the fire department.
 (2) A district fire chief shall also be on active duty on an assigned shift at all times in each fire district, and shall be in charge of the district and under the supervision of the assistant or deputy fire chief.
 C. Each assistant, deputy, or district fire chief to whom this Section is applicable shall work the same work schedule as all other fire fighting personnel under his command.
 D. For the purposes of this Section, "active duty" shall mean the active performance of duties and shall not be construed to mean time during *Page 2 
which an assistant, deputy, or district fire chief is away from his place of duty subject to call. (Emphasis added). E. Repealed by Acts 1997, No. 1382, § 3, eff. June 1, 2000.
You advise that it is financially "virtually impossible" for the district to comply with the statute as written, and that for this reason you have placed a fireman with the rank of captain on active duty in an attempt at compliance.
Note that R.S. 33:1991 provides a definition for the term "fireman" and further sets forth the hierarchy of ranks as follows:
 1991. Definitions
 A. (1) The word "fireman", as used in this Subpart includes all persons employed or engaged full-time by municipalities or municipal fire departments, parishes or parish fire departments, or fire protection districts for firefighting or fire prevention duties and services, as well as employees of nonprofit corporations under contract with a fire protection district or other political subdivision to provide such services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. The word "fireman" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians, or other non-firefighting employees detailed for such special duties, nor does the word "fireman", except as otherwise provided in this Subsection, include employees of privately owned or operated firefighting or fire prevention services.
 (2) A fireman shall be known as "apprentice fireman" for his first two years' active service. At the completion of two years' active service he shall be known as "first class fireman".
 (3) "Engineer" means any fireman who drives, tillers, or otherwise chauffeurs any fire department apparatus.
 B. The next three ranks and grades or classifications shall be:
 (1) Lieutenant, where the municipality, parish or fire protection district deems the rank necessary;
 (2) Captain;
 (3) Assistant chief, battalion chief and district chief. *Page 3 
Further, firemen receive salaries based on pay differentials which increase as a fireman attains a higher rank. See R.S. 33:1992.[1]
Positions of rank are compensated differently from each other, and those responsibilities statutorily imposed upon one holding a specific rank are not necessarily assignable to one holding another rank.
Here, R.S. 33:1972 states "in each such fire department, an assistantor deputy fire chief shall be on active duty on an assigned shift at alltimes" and further provides "a district fire chief shall also be onactive duty on an assigned shift at all times in each fire district. . ..". (Emphasis added).
R.S. 33:1972 directs a fireman of a specific rank (an assistant fire chief and a district fire chief, respectively) to be on active duty. There is no language in the statute which would permit a captain (who holds a position of lesser rank than assistant fire chief or district fire chief) to be substituted. *Page 4 
Most compelling are the rules of statutory construction. R.S. 1:3
dictates that the use of the word "shall" in a statute is mandatory. R.S. 1:3 states:
 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive. (Emphasis added).
As applied in the instant matter, the use of the word "shall" in R.S.33:1972 requires an assistant chief or fire district chief to be on active duty. The substitution of a captain is not permitted.
Finally, note that former R.S. 33:1972(E) required a captain to be on active duty in St. Tammany Parish. This provision was repealed by Act 1382 of the 1997 Regular Legislative Session (effective June 1, 2000). The conclusion drawn in Attorney General Opinion 91-244, which is in reliance on this repealed provision, has no bearing in the instant matter and the opinion is no longer a valid interpretation of existing state law.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
 OPINION NUMBER 91-244
Mr. Charles Abney
Administrative Assistant
St. Tammany Fire Protection
District No. 1
Post Office Box 1149
Slidell, Louisiana 70459
Dear Mr. Abney:
You have requested an opinion from this office with regard to whether the Assistant or Deputy Chief may return to his residence during evening or late hours during his 24 hour "on duty" shift.
LSA-R.S. 33:1972 provides, in pertinent part, as follows:
 B. (1) In each such fire department, an assistant or deputy fire chief shall be on active duty on an assigned shift at all times. . .
 D. For the purposes of this Section, "active duty" shall mean the active performance of duties and shall not be constructed to mean time during which an assistant, deputy, or district fire chief is away from his place of duty subject to call.
 E. (1) Notwithstanding the provisions of the Section, in St. Tammany Parish Fire Protection District Number One . . . a captain shall be on active duty on an assigned shift at all times, shall have general supervision over all fire stations in said district, and shall be under the supervision of higher ranking officers. *Page 2 
 (2) For the purposes of this Subsection, "active duty" shall mean the active performance of duties and shall not be construed to mean time during which the captain is away from his place of duty subject to call.
An assistant or deputy chief, or in St. Tammany Parish, a captain must be on active duty on an assigned shift at all times; and, "active duty" means the active performance of his duty and not when he is away from his place of duty on call. Thus, an assistant or deputy fire chief may NOT return to his residence, or otherwise be away from his place of duty, at any time during his/her 24 hour "on duty" shift. While a captain may be utilized in place of an assistant or deputy fire chief in St. Tammany, in such case, the captain may NOT return to his residence, or otherwise be away from his/her place of duty, at any time during his/her 24 hour "on duty" shift.
Trusting this to be of sufficient information for your purposes, I am
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 By: __________________________
 NORMAN W. ERSHLER
 Assistant Attorney General
[1] R.S. 33:1992 provides:
Minimum salaries
A. The minimum monthly salaries of firemen in municipalities having a population of twelve thousand or more and of all parish and fire protection district paid firemen, including salaries payable out of the avails of any special tax provided by the Constitution of Louisiana for increasing the pay of firemen, shall be in accordance with the following schedule, and such salaries shall be paid semi-monthly not later than the fifth and twentieth day of each calendar month: (1) A fireman shall receive a minimum monthly salary of four hundred dollars per month. (2) Engineers shall receive a minimum monthly salary of not less than ten percent above that of a fireman. (3) Lieutenants shall receive a minimum monthly salary of not less than fifteen percent above that of a fireman. (4) Captains shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. (5) Battalion chiefs and district chiefs shall receive a minimum monthly salary of not less than forty percent above that of a fireman. (6) Assistant chiefs and deputy chiefs shall receive a minimum monthly salary of not less than fifty percent above that of a fireman. (7) A mechanic or assistant mechanic, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. (8) A superintendent of fire alarm system, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than forty percent above that of a fireman. (9) A fire alarm operator or dispatcher, or any other person doing this type of work for the fire department, shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. (10) A fire inspector shall receive a minimum monthly salary of not less than twenty-five percent above that of a fireman. (11) For the city of Shreveport only, the provisions of R.S. 33:1992(9) shall apply only to present employees of the city of Shreveport Fire Department and shall not be applicable to any person employed by the city of Shreveport Fire Department after September 1, 1986. (12) The provisions of R.S. 33:1992(A) (9) shall not be applicable to any person employed by the city of Morgan City. B. From and after the first day of August, 1962, each member of the fire department who has had three years continuous service shall receive an increase in salary of two percent and shall thereafter receive an increase in salary of two percent for each year of additional service up to and including twenty years. Both the base pay and accrued longevity shall be used in computing such longevity pay. C. This Section will go into effect January 1, 1969. D. Notwithstanding any other law to the contrary, Paragraph (A)(9) of this Section, as such Paragraph exists on April 1, 2001, shall apply to the fire department of any incorporated city with a population of not less than two hundred thousand and not more than two hundred twenty-five thousand persons as of the latest federal decennial census.